**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUANA SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10 C 6289 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| PRUDENTIAL PIZZA, INC., | ) | Magistrate Judge Martin C. Ashman |
| and JOHN APOSTOLOU, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, Juana Sanchez, through her attorneys, Jeffrey Grant Brown and James X. Bormes, and for her Amended Complaint in this matter, alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991 for unlawful employment practices on the basis of gender, to provide appropriate relief to Plaintiff, a former employee who was adversely affected by such practices.  Plaintiff Juana Sanchez alleges that Defendant Prudential Pizza, Inc. ("PPI") subjected her to different terms and conditions of employment because of her gender.  Plaintiff also alleges that Defendant PPI subjected her to sexual harassment.  Plaintiff further alleges that Defendant PPI retaliated against Plaintiff by subjecting her to different terms and conditions of employment, and discharged her from employment, in violation of Title VII.  Finally, Plaintiff alleges that Defendant John Apostolou violated the Employee Polygraph Protection Act by telling Plaintiff that she must submit to a lie detector test in order to prove her claims of sexual harassment.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This action is authorized and instituted pursuant to Section 706(e)(2) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a, and Section 5 of the Employee Polygraph Protection Act, 29 U.S.C. § 2005(c)(2).

3.      Venue is proper in this Court because Defendant resides in this District, and because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

4.      Plaintiff is an individual and a resident and citizen of the City of Chicago, in Cook County, Illinois; and Defendant's records of Plaintiff's employment reflect Plaintiff's residency and citizenship. Plaintiff was employed by Defendant as a telephone clerk.

5.      Defendant Prudential Pizza, Inc. is an Illinois corporation. Defendant Prudential Pizza, Inc. owns and/or operates a Giordano's pizza restaurant located in Chicago, Illinois.

6.      At all times relevant, Defendant Prudential Pizza, Inc. continuously has been doing business in the Northern District of Illinois and continuously has had at least fifteen employees.

7.      At all times relevant, Defendant Prudential Pizza, Inc. continuously has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

8.      Defendant John Apostolou is an individual and a resident and citizen of the Northern District of Illinois. Defendant John Apostolou is the primary shareholder of

Giordano's Enterprises, Inc. which is the franchisor of Giordano's Pizza franchises including Defendant Prudential Pizza, Inc.

## STATEMENT OF CLAIMS

9.      More than thirty days prior to the institution of this lawsuit, Plaintiff filed a Charge of Discrimination (attached as Exhibit 1) with the Equal Employment Opportunity Commission in Chicago, Illinois, alleging violations of Title VII by Defendant Prudential Pizza, Inc.  All conditions precedent to the institution of this lawsuit have been fulfilled, and Plaintiff has filed suit within 90 days of receipt of a Notice of Right to Sue (attached as Exhibit 2).  Equal Employment Opportunity Commission served a copy of Plaintiff's Charge of Discrimination upon Defendant Prudential Pizza, Inc.

10.      Since at least June, 2009, Defendant Prudential Pizza, Inc. has engaged in unlawful employment practices at its Chicago, Illinois restaurant located at 135 E. Lake Street, Chicago, Illinois, in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(k) and 2(a). Such unlawful employment practices have included: (1) subjecting Plaintiff to different terms and conditions of employment because of her gender (female); (2) subjecting Plaintiff to sexual harassment; and (3) retaliating against Plaintiff by subjecting her to different terms and conditions of employment and discharging her in violation of the Title VII because she complained about sexual harassment by her supervisor.

11.      In approximately November, 2008, Plaintiff began her employment with Defendant Prudential Pizza, Inc. ("PPI") as a telephone clerk at Defendant PPI's restaurant.

12.      In approximately May, 2009, Defendant PPI hired Alex Marquez ("Marquez") to work as a manager for Defendant PPI.

13.     Beginning in approximately May, 2009, Plaintiff suffered acts of sexual harassment committed by Defendant PPI's manager, Alex Marquez.  In particular, Marquez continually made several sexually harassing comments to Plaintiff, including that he would spank her and that he wanted to sleep with her and have sex with her.  Certain of Plaintiff's co-workers witnessed these acts of harassment.

14.     In approximately April, 2010, Plaintiff orally notified Defendant PPI of the illegal acts Plaintiff suffered, by among other things notifying one of Defendant PPI's managers, Mr. Edgar Colon.

15.     In approximately May, 2010, Plaintiff notified Defendant PPI in writing of the illegal acts she suffered, by writing a letter to one of Defendant PPI's owners, Mr. Bill Apostolou.  A copy of the letter Plaintiff wrote to Defendant PPI is attached hereto as Exhibit 3.

16.     Thereafter, Bill Apostolou met with Plaintiff to discuss the complaints raised in Plaintiff's letter.

17.     Bill Apostolou subsequently told Plaintiff that he spoke with Marquez regarding Plaintiff's complaints, and that he directed Marquez to stop harassing Plaintiff.  However, Marquez continued to harass Plaintiff.

18.     Subsequently, Plaintiff again complained to Bill Apostolou regarding Marquez's harassment toward her.

19.     In response, rather than disciplining Marquez, Defendant instead attempted to change *Plaintiff's* work schedule in such a manner that Plaintiff and Marquez would no longer work the same shifts together.  However, there remained shifts where Plaintiff was required to work with, and be managed by, Marquez, and Marquez continued to harass Plaintiff during those shifts.

- 4 -

20.     In approximately early June, 2010, Defendants required Plaintiff to attend a meeting regarding Plaintiff's complaints of harassment.   Present at the meeting were Bill Apostolou; his father, Defendant John Apostolou; and Defendant's in-house counsel, Michaela Corcoran-Stapleton.

21.     During the meeting, Defendant John Apostolou accused Plaintiff of lying about her claims of sexual harassment, and told Plaintiff she would be required to take a lie detector test to prove her claims.

22.     Shortly thereafter, on approximately July 15, 2010, Defendant PPI terminated Plaintiff's employment in retaliation for her complaints of sexual harassment.

23.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because of her gender.

24.     The unlawful employment practices complained of above were intentional.

25.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff because of her gender (female).

26.     The unlawful employment practices complained of above have caused Plaintiff to suffer damages including, but not limited to, lost wages.

## COUNT I
### Violation of Title VII – Discrimination Based on Gender

27.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 26 as Paragraph 27 of this Count I.

28.     At all times relevant, there was in effect a federal statute, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., which provides:

    (a)    It shall be an unlawful employment practice for an employer –

    (1)    to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    (2)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2.

29.     Defendant PPI was aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or to terminate an employee's employment because of the employee's gender.

30.     During Plaintiff's employment with Defendant PPI, she was subjected to acts of sexual harassment and discrimination by Defendant PPI's employees, managers and/or owners.

31.     This illegal gender discrimination and sexual harassment created a hostile and abusive work environment for Plaintiff.

32.     Defendant's actions as set forth above were willful, intentional and/or made in reckless disregard of Plaintiff's rights.

33.     Defendant PPI's conduct as described above constitutes a willful violation of Title VII.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendant PPI, and awarding Plaintiff the following relief:

a.     Back pay from July 15, 2010 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid her full hourly wages for all hours normally worked during the workweek, to which Plaintiff would have been entitled had she remained employed by Defendant PPI through the date of judgment;

b.     Front pay;

c.     Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

d.     Costs and reasonable attorneys' fees incurred;

e.     Pre- and post-judgment interest on all amounts awarded under (a) and (c) above;

f.     Punitive damages in an amount which will serve to punish and deter Defendant PPI and to deter others from such acts in the future; and

g.     Such other legal and equitable relief as this Court may deem proper.

## COUNT II
### Violation of Title VII – Unlawful Retaliation

34.     Plaintiff realleges and incorporates by reference by reference Paragraphs 1 through 26 as Paragraph 34 of this Count II.

35.     At all times relevant, there was in effect a certain federal statute, Title VII, which provides,

> It shall be an unlawful employment practice for an employer to discriminate against any of its employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

36.     Defendant PPI was aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or to terminate an employee's employment because of the employee's gender.

37.     Plaintiff made multiple complaints to Defendant PPI regarding the illegal discrimination and sexual harassment that she was suffering at the hands of Defendant PPI's manager, Marquez, which resulted in a hostile work environment.

38.     Shortly after Plaintiff's last complaint of sexual harassment and discrimination, Defendant PPI terminated Plaintiff's employment, either in whole or in part, because of her gender, and in retaliation for her complaints regarding Marquez.

39.     Defendant PPI's conduct as set forth above is so harmful it would dissuade a reasonable worker from filing a discrimination complaint.

40.     Defendant PPI's actions as set forth above were willful, intentional, and/or made in reckless disregard of Plaintiff's rights.

41.     Defendant PPI's conduct as described above constitutes a willful violation of Title VII.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendant PPI, and awarding Plaintiff the following relief:

a.      Back pay from July 15, 2010 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid her full hourly wages for all hours normally worked during the workweek, to which Plaintiff would have been entitled had she remained employed by Defendant through the date of judgment;

b.      Front pay;

c.      Compensatory damages for emotional pain, suffering, inconvenience, mental

anguish, and future pecuniary loss;

d.      Costs and reasonable attorneys' fees incurred;

e.      Pre- and post-judgment interest on all amounts awarded under (a) and (c) above;

f.      Punitive damages in an amount which will serve to punish and deter Defendant

and to deter others from such acts in the future; and

g.      Such other legal and equitable relief as this Court may deem proper.

## COUNT III
### Violation of Employee Polygraph Protection Act

42.     Plaintiff realleges and incorporates by reference by reference Paragraphs 1

through 26 as Paragraph 42 of this Count III.

43.     At all times relevant, there was in effect a certain federal statute, the Employee

Polygraph Protection Act, which provides, at 29 U.S.C § 2002:

(I)t shall be unlawful for any employer engaged in or affecting commerce or in the

production of goods for commerce-

(1) directly or indirectly, to require, request, suggest, or cause any employee or
prospective employee to take or submit to any lie detector test;

(2) to use, accept, refer to, or inquire concerning the results of any lie detector test of
any employee or prospective employee;

(3) to discharge, discipline, discriminate against in any manner, or deny employment
or promotion to, or threaten to take any such action against--

(A) any employee or prospective employee who refuses, declines, or fails to
take or submit to any lie detector test, or

(B) any employee or prospective employee on the basis of the results of any
lie detector test; or

(4) to discharge, discipline, discriminate against in any manner, or deny employment or promotion to, or threaten to take any such action against, any employee or prospective employee because—

(A) such employee or prospective employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter,

(B) such employee or prospective employee has testified or is about to testify in any such proceeding, or

(C) of the exercise by such employee or prospective employee, on behalf of such employee or another person, of any right afforded by this chapter.

44.    The Employee Polygraph Protection Act defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee." 29 U.S.C. § 2001.

45.    Defendant John Apostolou was acting directly or indirectly in the interest of Defendant PPI and of his son, Basil Apostolou (the owner of Defendant PPI), in relation to Plaintiff Juana Sanchez when Defendant John Apostolou told Plaintiff she would be required to take a lie detector test to prove her claims of sexual harassment as set forth above.

46    Plaintiff was damaged by Defendants' illegal demand that Plaintiff be subjected to a lie detector test.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendant PPI and Defendant John Apostolou, jointly and severally, and awarding Plaintiff the following relief:

a.    Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

b.    Costs and reasonable attorneys' fees incurred;

c.    Pre- and post-judgment interest on all amounts awarded under (a) and (c) above;

d.      Punitive damages in an amount which will serve to punish and deter Defendants

and to deter others from such acts in the future; and

e.      Such other legal and equitable relief as this Court may deem proper.


Respectfully submitted,

/s/ Jeffrey Grant Brown
One of the attorneys for Plaintiff


James X. Bormes                              Jeffrey Grant Brown
Law Office of James X. Bormes, P.C.          Converse & Brown, LLC
8 South Michigan Avenue                      35 East Wacker Drive
Suite 2600                                   Suite 650
Chicago, Illinois 60603                      Chicago, Illinois 60601
(312) 201-0575                               (312) 789-9700