# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JUANA SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 cv 6289 |
| | ) | |
| PRUDENTIAL PIZZA, INC., and JOHN APOSTOLOU, | ) ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Memorandum Opinion and Order

Plaintiff, Juana Sanchez, moves for partial summary judgment [56] on Count III of her Amended Complaint alleging violation of the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. §2001(1). On October 31, 2011, the Court heard argument on the motion. Having considered the briefs and submissions of the parties as well as the arguments made at the hearing, the Court grants the motion for the reasons the follow.

**Background**

The basic facts are not in dispute. Juana Sanchez was a phone clerk and hostess for the Prudential Plaza Giordano's franchise restaurant from November 2008 to July 15, 2010. Defendant Prudential Pizza, Inc. is the owner of the Giordano's Pizza franchise at the Prudential Tower in Chicago. Basil Apostolou, who is not a defendant in this lawsuit, owns and is the sole corporate officer of Prudential Pizza. Defendant John Apostolou is Basil Apostolou's father. John Apostolou is the primary shareholder of Giordano's Enterprises, Inc. the franchisor of Giordano's Pizza, including the Giordano's Restaurant at Prudential Tower. Gino Olivito is the District Manager for Giordano's Enterprises.

Basil Apostolou purchased the Prudential Tower Giordano's from his father in June 2008. Basil has helped with the management of several of his father's Giordano's restaurants.

The corporate offices for Giordano's Enterprises are located at 740 North Rush Street, Chicago. Basil Apostolou has a work space/designated work area at the corporate office. Prudential Pizza's Employee Handbook requires employees to report any unresolved "serious issues" to the District Manager and Franchise Owner in writing.

Basil Apostolou hired Alex Marquez as a manager for the Prudential Tower Giordano's. Juana Sanchez alleges that Alex Marquez sexually harassed her by making comments about wanting to sleep with her and spank her. Basil Apostolou met with Alex Marquez to discuss the accusation. According to Basil Apostolou, Marquez responded that the claim was a lie and that he would take a lie detector test to prove it. Basil Apostolou informed Marquez that he was opening an investigation.

In June 2010, Basil Apostolou held a meeting with Sanchez at the Giordano's Enterprises corporate offices. Michaela Stapleton-Corcoran (in-house counsel for Giordano Enterprises) was also present for the meeting. John Apostolou arrived some time during the course of the meeting and did not stay for the duration. In his affidavit, John Apostolou states that "I then told Juana Sanchez that Alex Marquez had indicated that he would be willing to take a lie detector test." Basil Apostolou testified at his deposition that his father said to Sanchez, "Alex is willing to take one, are you."

Juana Sanchez was ultimately terminated. Sanchez filed the instant lawsuit alleging that she was retaliated against for complaining about Marquez's sexual harassment. The defendants contend that Sanchez was terminated because she had nine incident reports on her record for things ranging from being tardy to not wearing her uniform.

**Legal Standard**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party when deciding a motion for summary judgment. Abdullahi v. City of Madison, 423 F. 3d 763, 773 (7th Cir. 2005).

**Discussion**

Sanchez alleges that John Apostolou violated section 2002(1) of the EPPA, which forbids any employer "directly or indirectly, to require, request, suggest, or cause any employee to take or submit to any lie detector test." 29 U.S.C. §2002(1). Sanchez argues that John's statement in the meeting is incontrovertible evidence that he "requested or suggested" that Juana Sanchez take a lie detector test in violation of the EPPA. Defendants respond that John was merely reiterating to Sanchez what Alex Marquez had said and, moreover, the record does not conclusively show that John was acting as an "employer" within the meaning of the EPPA.

There is a dearth of case law interpreting the EPPA primarily because the statute was designed to prohibit the use of lie detector test by employers in all but a few narrow exceptions. The parties present no cases, and the Court's research revealed none, that construed the statute in a case similar to the one at bar. Where courts have been asked to apply the EPPA, they have interpreted it quite broadly.

In *Harmon v. CB Squared Services, Inc.*, 624 F.Supp.2d 459, 473 (E.D.Va. 2009), the court stated that "[t]he coverage of the EPPA is broad – an employer violates *Section 2002(1)* by merely suggesting, even indirectly, that an employee submit to a polygraph." The situation in

that case is markedly different than the case at bar. There, the plaintiff took a polygraph test voluntarily at the request of his employer, though the request was indirect. *Id.* The court found it immaterial that the plaintiff voluntarily took the test and granted summary judgment in the plaintiff's favor on the issue of the defendant's liability under *Section 2002(1)*. The court reasoned that "[w]hether the Court construes [the defendant's] own characterization of his communication to [the plaintiff] as a direct request or merely an indirect suggestion, it still contravenes the plain language of *Section 2002(1)*." *Id.*

Here, there was no formal, written request and Sanchez did not take a lie detector test. *See Polkey v. Transtecs Corp.*, 404 F.3d 1264, 1268 n.5 (11th Cir. 2005) (collecting cases that found liability under the EPPA even where no polygraph exam is administered). John Apostolou admits in his declaration that he said to Juana Sanchez in the 2010 meeting at the Giordano's Enterprises' corporate office he had known Alex Marquez for a long time and he did not believe that he was the kind of person to do what Sanchez claimed. John Apostolou further averred that he told Sanchez that Marquez had indicated he would take a lie detector test. The comment to Sanchez that Marquez is willing to take a lie detector falls within the prohibition of the EPPA as an indirect suggestion that Sanchez submit to a polygraph test. John Apostolou's admissions show that he questioned the veracity of Sanchez's claim and then made the statement that her alleged harasser was willing to take a polygraph. Thus, even when viewed in the light most favorable to John Apostolou, the statement is at very least an indirect suggestion that Sanchez take a polygraph test. The Court's inquiry does not end here since the statement does not violate the EPPA unless John Apostolou is an "employer" within the meaning of the statute.

The EPPA defines employer as "including any person acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee." 29 U.S.C.

§2001(2). The first case to construe the definition of "employer" under the EPPA was *Rubin v. Tourneau, Inc.*, 797 F.Supp. 247 (S.D.N.Y. 1992). In *Rubin*, the court first looked to the plain language of the statutory definition of employer and found it ambiguous. *Id.* at 249. As the *Rubin* court noted, what constitutes "acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee" is, on its face, unclear. *Id.* The court looked to similar definitions of employer in other federal employment statutes, such as the Fair Labor Standards Act. *See id.* at 251. Ultimately, the court held that "a person or entity 'acts… in the interest of an employer in relation to an employee or prospective employee,' and, therefore, is subject to suit under 29 U.S.C. §2005(c)(1) if, as a matter of economic reality, that person or entity exerts some degree of control over the employer's compliance with EPPA." *Id.* at 253. In *James v. Professionals' Detective Agency*, 876 F. Supp. 1013, 1016 (N.D. Ill. 1995), the Northern District of Illinois applied the reasoning in *Rubin* to find that a polygraph examiner could be an employer under the EPPA and deny a motion to dismiss.

Here, it is uncontroverted that he did not own the franchise of Giordano's restaurant where Sanchez worked and was not her supervisor or manager. Nevertheless, the undisputed record shows that John Apostolou was acting the interest of an employer in relation to Sanchez during the meeting where he made the statement regarding the lie detector. It is undisputed that the meeting took place in a conference room at Giordano's Enterprises, Inc.'s corporate office. John Apostolou is the president and corporate officer of Giordano's Enterprises. Present at the meeting were John's son, Basil Apostolou, the owner of the Giordano's franchise and Prudential Pizza where Sanchez worked. Also present at the meeting was Michaela Stapleton, attorney for Giordano's Enterprises. Accordingly, considering the entirety of the situation, John Apostolou was acting in the interest of the employer in relation to Sanchez. The meeting was at his offices;

5

his son and the attorney for John Apostolou's company were present. Therefore, this Court finds that there are no genuine issues of material fact that John Apostolou was an employer within the meaning of the EPPA by acting indirectly in the interest of Sanchez's direct employer when he made an indirect suggestion that she submit to a polygraph examination.

**Conclusion**

Based on the foregoing, the Court grants plaintiff's motion for partial summary judgment [56] on Count III of the Amended Complaint.

IT IS SO ORDERED.

Date    November 2, 2011

Entered: _____
Sharon Johnson Coleman