**[Form LR16.1.1. Final Pretrial Order Form]**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUANA SANCHEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10 C 6289 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| PRUDENTIAL PIZZA, INC., ) | Magistrate Judge Martin C. Ashman |
| and JOHN APOSTOLOU, ) | |
| ) | |
| Defendants. ) | |

## [PLAINTIFF'S PROPOSED] FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and Jeffrey Grant Brown, Jeffrey Grant Brown, P.C., 221 North LaSalle Street, Suite 1414, Chicago, Illinois 60601, tel. 312.789.9700, and Catherine P. Sons, Converse Law Offices, LLC, 8 South Michigan Avenue, Suite 2600, Chicago, Illinois 60603 (312) 789-9700, having appeared as counsel for Plaintiff, and Zane D. Smith, Zane D. Smith & Associates, Ltd., 415 North LaSalle Street, Suite 501, Chicago, Illinois 60654, tel. 312.245.0031, having appeared as counsel for Defendants, the following actions were taken:

**(1)** This is an action under Title VII alleging discrimination on the basis of gender, and alleging retaliation for exercising rights protected under Title VII; and under the Employee Polygraph Protection Act. Jurisdiction of the court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3) and 29 U.S.C.A. § 2005(c)(2). Jurisdiction is not disputed.

**(2)** The following stipulations and statements were submitted and are attached to and made a part of this Order:

   **(a)** Stipulation of Uncontested Facts, which will become a part of the evidentiary record in this case, and which may be read to the jury by the Court or any party:

1. Defendant Prudential Pizza, Inc., ("PPI"), is an Illinois corporation. Until November 31, 2011, Defendant PPI owned and operated a Giordano's pizza restaurant located at 135 E. Lake Street, Chicago, Illinois, ("Giordano's Prudential"). (Answer, ¶ 5.) On December 1, 2011, all of Defendant PPI's assets were exchanged for an ownership interest in VPC Pizza Operating Corp., ("the PPI Transaction"). As of the PPI Transaction, PPI no longer owns the assets of, nor operates, Giordano's Prudential.

2. Plaintiff Juana Sanchez ("Sanchez") was employed by Defendant PPI as a telephone

clerk. (Answer, ¶ 4.)

3. Defendant PPI is an employer, under Title VII and under the Employee Polygraph Protection Act. (Answer, ¶ 7.)

4. Basil Apostolou ("Basil") is the current owner and president of Defendant PPI. (Deposition of Basil Apostolou ("Apostolou Dep."), pp. 18-21.)

5. Basil has worked in the restaurant business most of his life, since he was 17 years old, as a cook, in construction, in management, and in supplemental training of managers. (Apostolou Dep., pp. 29-30.)

6. Defendant John Apostolou ("John") is Basil Apostolou's father. (Apostolou Dep., p. 26.)

7. Defendant John Apostolou is an individual, and was the primary shareholder of Giordano's Enterprises, Inc. ("GEI"), which is the franchisor of Giordano's Pizza franchises, including Defendant PPI. (Answer, ¶ 8.)

8. John is the former owner of GEI, which owned the Giordano's Prudential restaurant until approximately June 2008, when it was sold to PPI. (Apostolou Dep., pp. 22, 38.)

9. In approximately November, 2008, Plaintiff began her employment with Defendant PPI as a telephone clerk. (Answer, ¶11.)

10. In approximately May, 2009, Defendant PPI hired Alex Marquez ("Marquez") to work as a manager for Defendant PPI. (Answer, ¶12.)

11. Defendant PPI's Employee Handbook states, in bold print, that "Any serious issue not resolved at the store level must be sent to the District Manager and Franchise Owner in writing." (Prudential Pizza, Inc. Employee Handbook; Apostolou Dep., pp. 131-137; Memorandum opinion, November 14, 2011, p. 2.)

12. The Giordano's Prudential restaurant does not have a District Manager, and has not had a District Manager since it has been owned by Basil. (Apostolou Dep., pp. 136-37.)

13. Plaintiff claimed that Alex Marquez sexually harassed her; and Defendants and Alex Marquez deny that claim. (Answer, ¶¶13, 27-33.)

14. Basil met with Sanchez to discuss her complaints. (Answer, ¶16.)

15. In Basil's years of experience in the restaurant industry, he has found that almost every time somebody is fired, the first thing they sue a restaurant for is discrimination, regardless of whether it's true or not. Apostolou Deposition, p. 71.

16. A meeting took place at Giordano's Enterprises, Inc.'s Rush Street corporate office, at which Sanchez's concerns were discussed (the "Meeting"). The following persons were

present at the Meeting: Sanchez, Basil, John, and an attorney for Giordano's Enterprises, Inc., Michaela Stapleton-Corcoran. (Answer, ¶20; Memorandum opinion, November 14, 2011, p. 5).

17. John arrived during the course of the Meeting and asked what the meeting was about. Upon Basil's request, Sanchez repeated her complaints to John. In response to Sanchez, John informed Sanchez that he had known Alex Marquez for a long time and that he did not believe Alex Marquez to be the kind of person to do what Sanchez claimed. Memorandum opinion, November 14, 2011, p. 4; Dkt. # 69-1, John Apostolou Affidavit, ¶ 5; Sanchez Dep., pp. 90-94).

18. On July 15, 2010, approximately six weeks following the Meeting, Plaintiff was terminated from her employment. (Answer, ¶22).

19. The decision to terminate Plaintiff's employment was made by Basil, with input from Alex Marquez. Apostolou Dep., 128.

20. Defendant PPI was aware, or should have been aware, of Title VII, and that it is illegal to treat an employee differently and/or to terminate an employee's employment because of the employee's gender. (Answer, ¶29).

21. Title VII states:

"It shall be an unlawful employment practice for an employer to discriminate against any of his employees… because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter."

42 U.S.C. § 2000e-3(a).

22. Defendant PPI was aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or terminate an employee's employment because of employee's gender. (Answer, ¶36.)

**(b)** The following is a summary of the case to be read to prospective jurors:

This lawsuit is brought by Plaintiff, Juana Sanchez, a former employee of Defendant Prudential Pizza, Inc. Defendant Prudential Pizza, Inc. was the owner and operator of the Giordano's Restaurant located at Prudential Plaza, in Chicago. Defendant John Apostolou is the former owner of Giordano's Enterprises, Inc., which owned the Giordano's Restaurant located at Prudential Plaza, until it was sold to Prudential Pizza, Inc. in 2008.

Plaintiff's claims are brought under Title VII, the federal discrimination law, in which Ms. Sanchez claims that she was unlawfully discriminated on the basis of her gender by

her employer, Defendant Prudential Pizza, Inc. Plaintiff also claims that Defendant Prudential Pizza, Inc. retaliated against her by terminating her employment because she complained about harassment. Ms. Sanchez also claims that the Defendants violated another federal law, the Employee Polygraph Protection Act, by telling Plaintiff that she must submit to a lie detector test.

Defendants deny that Ms. Sanchez was unlawfully discriminated against or unlawfully terminated; and claim that Ms. Sanchez' employment was terminated because she was written up nine times, had been suspended, and had a history of disciplinary issues.

Before this trial began, the Court found Defendants liable under the Employee Polygraph Protection Act, on the lie detector claim. In addition, Defendant Prudential Pizza, Inc. agreed to have judgment entered against it on all of Plaintiff's claims. Thus, the only issue remaining in this matter for you to decide is the amount of damages Plaintiff can recover from Defendant John Apostolou as a result of the lie detector claim.

**(c)** except for rebuttal exhibits, the attached Schedule (c) sets forth:

(1) all exhibits (to be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and

(2) any demonstrative evidence and experiments to be offered during trial;

**(d)** except for rebuttal witnesses, the following is the Schedule of Potential Witnesses to be Called, and Objections to the Calling or Qualifications of Each Such Witness:

1. Juana Sanchez. Plaintiff will call this witness to testify.

2. Basil Apostolou. Plaintiff will call this witness to testify.

3. John Apostolou. Plaintiff will call this witness to testify.

4. Alex Marquez. Plaintiff will call this witness to testify.

5. Gino Olivito. Plaintiff may call this witness to testify.

6. Edgar Colon. Plaintiff may call this witness to testify.

7. Cesar Godinez. Plaintiff may call this witness to testify.

8. George Dubon Rodriguez. Plaintiff may call this witness to testify.

9. Michaela Stapleton- Corcoran-Aynessazian. Plaintiff may call this witness to testify.

10. Courtney McSwain. Plaintiff may call this witness to testify.

11. <u>Marco Vergara</u>. Plaintiff may call this witness to testify.

12. <u>Maria Carrasco</u>. Plaintiff may call this witness to testify.

13. <u>Paola Os</u>. Plaintiff may call this witness to testify.

14. <u>Ivanna Flores</u>. Plaintiff may call this witness to testify.

15. <u>Eugenia Flores</u>. Plaintiff may call this witness to testify.

16. <u>Leo Kantos</u>. Defendants may call this witness to testify.

17. <u>Anthony Zofratos</u>. Defendants may call this witness to testify.

Defendants adopt the remainder of Plaintiff's witness list.

**(e)** Neither party has retained nor intends to call an expert witness.

**(f)** Plaintiff has subpoenaed Ms. Michaela Stapleton-Corcoran-Aynessazian to testify as a witness in this matter. However, in the event that Ms. Stapleton-Corcoran-Aynessazian is unavailable, Plaintiff will seek to read the following deposition testimony into evidence, and Defendants will assert the following objections thereto:

1. Deposition of Michaela Stapleton-Aynessazian:
    a. Page 4, lines 7-24.
    b. Page 5, lines 1-24.
    c. Page 6, lines 1-2.
    d. Page 7, lines 13-22.
    e. Page 14, lines 18-22.
    f. Page 15, lines 5-24.
    g. Page 16, line 1.
    h. Page 19, lines 11-24.
    i. Page 20, lines 1-7, 12-15.
    j. Page 26, lines 12-24.
    k. Pages 27-34 – all (lines 1-24).
    l. Page 35, lines 1-15.

Defendants object to this deposition testimony being read into evidence pursuant to FRCP 32.

**(g)** Pursuant to L.R. 16.1.3, an itemized statement of damages is set forth in the attached Pretrial Memorandum.

**(h)** Each party shall provide the following documents, on or before _____:

   (i) trial briefs, except as otherwise ordered by the court;

5

    (ii) one set of marked proposed jury instructions, verdict forms and special interrogatories, if any; and

    (iii) a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a).

**(i)** Subject to the Court's ruling on Plaintiff's motion for leave to file a second amended complaint, Plaintiff has completed discovery in this matter. Plaintiff has not designated an expert witness.

Defendant has completed discovery in this matter. Defendant has not designated an expert witness.

**(j)** The respective parties intend to file the following motions *in limine*:

Plaintiff's intended motions *in limine*:

1. Plaintiff's motion *in limine* to exclude Plaintiff's EEOC Charge and Determination.

Plaintiff reserves the right to submit additional motions *in limine*.

Defendant's intended motions *in limine*:

Motion *in Limine* 1: Motion to Bar any reference to individual liability of John Apostolou. On April 12, 2012, the Court orally denied Defendants' motion, during the Pretrial Conference.

Defendants reserve the right to submit additional Motions *in Limine*.

Any briefs in support of and responses to such motions shall be filed as directed by the Court.

**(k)*** an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to;

**(l)*** waivers of any claims or defenses that have been abandoned by any party;

**(3)** Trial of this case is expected to take **four** days. It will be listed on the trial calendar, to be tried when reached.

**(4)** The trial will be a jury trial.

**(5)** The parties recommend that **six, with two alternate** jurors be selected at the commencement of the trial, and that any verdict must be unanimous.

**(6)** The parties **agree** that the issues of liability and damages **should not** be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial.

**(7)** The parties **do not** consent to this case being reassigned to a magistrate judge for trial.

**(8)** This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

**(9)** Possibility of settlement of this case was considered by the parties.

_____
United States District Judge

Date: _____

/s/ Jeffrey Grant Brown  /s/ Zane D. Smith
Attorney for Plaintiff  Attorney for Defendant

**Schedule (c)**
**Exhibits**

1. The following exhibits were offered by plaintiff, received in evidence and marked as indicated:

    - Pl. Ex. 1:  Parties' Stipulated Facts

    - Pl. Ex. 2:  Plaintiff's Letter to Basil Apostolou, Dkt. #33-3.

    - Pl. Ex. 3:  Deposition Transcript of Michaela Stapleton-Aynessazian

    - Pl. Ex. 4:  Affidavit of John Apostolou, Dkt. # 69-1.

    - Pl. Ex. 5:  Defendant's Employee Handbook, dated as of July 2005

    - Pl. Ex. 6:  Plaintiff's Job Description

    - Pl. Ex. 7:  Employee Warning Reports relating to Plaintiff

    - Pl. Ex. 8:  Plaintiff's Manager Review regarding Alex Marquez

    - Pl. Ex. 9: Facebook messages between Plaintiff and Courtney McSwain

    - Pl. Ex. 10:  Facebook messages between Plaintiff and Paula Os

    - Pl. Ex. 11:  Excerpts from the Court's Memorandum Order relating to Plaintiff's Motion for Partial Summary Judgment (Dkt. # 80, dated 11/2/11), attached hereto.

    - Pl. Ex. 12:  The Parties' Written Discovery Responses

    - Pl. Ex. 13:  Demonstrative Evidence Relating to Plaintiff's Damages

2. The following exhibits were offered by plaintiff and marked for identification. Defendant(s) objected to their receipt in evidence on the grounds stated:

Defendants object to Pl. Ex. 9 and 10: Objection, Authenticity under Rule 901.

Plaintiff intends to authenticate the exhibits pursuant to Rule 901(b)(1).

3. The following exhibits were offered by defendants, received in evidence and marked as indicated:

Df. Ex. 1: Plaintiff's Amended Complaint

Df. Ex. 2: Sanchez Personnel File

Df. Ex. 3: Manager Reviews

Df. Ex. 4: Sanchez Warnings and Suspension Documentation

Df. Ex. 5: Sanchez Termination Report

Df. Ex. 6: Sanchez Job Description

Df. Ex. 7: Giordano's Business School Manager Handbooks, and Employee Handbooks

Df. Ex. 8: Payroll Registers for all employees for 2009 and 2010

Df. Ex. 9: Illinois Department of Human Rights and EEOC Documents

Df. Ex. 10: Prudential Cashier Schedules 11/24/08 – 1/4/10

Df. Ex. 11: Prudential Phone Clerk Schedules 11/24/08 – 1/4/10

Df. Ex. 12: 2010 General Manager Schedules

Df. Ex. 13: Prudential Cashier Schedules 1/4/10 – 7/19/10

Df. Ex. 14: Prudential Phone Clerk Schedules 1/4/10 – 7/19/10

4. The following exhibits were offered by defendants and marked for identification. Plaintiff objected to their receipt in evidence on the grounds stated:

Def. Ex. 1 – Plaintiff objects to the entire document except Plaintiff's letter to Basil Apostolou (Exhibit 3 to the Complaint), as irrelevant pursuant to Fed.R.Evid. 403. In addition, Plaintiff's letter to Basil Apostolou is already introduced as Pl. Ex. 2.

Def. Ex. 2 – Plaintiff objects to the inclusion of this entire exhibit pursuant to Fed.R.Evid. 403. The exhibit is misleading because it is inconsistent with the personnel file that Defendants produced to Plaintiff during discovery. In addition, this exhibit is duplicitive of Def. Ex. 4.

Def. Ex. 4 – Plaintiff objects to the inclusion of the last two pages of this exhibit pursuant to Fed.R.Evid. 403 because they are prejudicial to Plaintiff, and for the reasons set forth in Plaintiff's motion *in limine*. Plaintiff also requests that any references to her social security number in the exhibit be redacted.

Def. Ex. 8 – Plaintiff objects to this exhibit pursuant to Fed.R.Evid. 403 and Fed. R. Civ. P. 37(c), because it is irrelevant, it was never previously produced to Plaintiff, and because it is redacted without explanation.

Def. Ex. 9 – Plaintiff objects to the inclusion of this exhibit pursuant to Fed.R.Evid. 403 because it is prejudicial to Plaintiff, and for the reasons set forth in Plaintiff's motion *in limine*

Def. Ex. 10 and 11. Plaintiff objects to the inclusion of these exhibits pursuant to Fed.R.Evid. 403 as irrelevant

Def. Ex. 13 and 14. Plaintiff objects to the inclusion of these exhibits pursuant to Fed.R.Evid. 403 as irrelevant

5. Non-objected-to exhibits are received in evidence by operation of this Order. However, in jury trials, exhibits that have not been explicitly referred to in testimony or otherwise published to the jury prior to the close of all evidence or in argument are not in evidence.

**CERTIFICATE OF SERVICE**

I, Jeffrey Grant Brown, an attorney, caused to be filed with the Clerk of the U.S. District Court, Plaintiff's Proposed Final Pretrial Order, using the CM/ECF system which will send notification of such filing to the following Filing Users, on this 19th day of April, 2012.

        Zane D. Smith
        Andre Ordeanu
        Zane Smith & Associates
        415 N. LaSalle Street
        Suite 501
        Chicago, Illinois 60654

        Respectfully Submitted,

        /s/ Jeffrey Grant Brown
        One of Plaintiff's attorneys

| | |
|---|---|
| James X. Bormes | Jeffrey Grant Brown |
| Law Office of James X. Bormes, P.C. | Jeffrey Grant Brown, P.C. |
| 8 South Michigan Avenue | 221 North LaSalle Street |
| Suite 2600 | Suite 1414 |
| Chicago, Illinois 60603 | Chicago, Illinois 60601 |
| (312) 201-0575 | (312) 789-9700 |

Catherine P. Sons
Converse Law Offices, LLC
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 789-9700