IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JUANA SANCHEZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 10 C 6289 |
| PRUDENTIAL PIZZA, INC., and JOHN APOSTOLOU, | ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juana Sanchez moves for costs including attorneys' fees against defendant Prudential Pizza. Sanchez filed her acceptance of Prudential's Offer of Judgment on April 16, 2012. Sanchez asserts that she is entitled to costs and fees because she is the prevailing party and the Offer of Judgment does not include any reference to costs or fees. For the reasons stated herein, the Court denies the motion.

Federal Rule of Civil Procedure 68 provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). The Offer of Judgment in this case states that Prudential Pizza, Inc.: "offers to allow Judgment to be entered against them in this action in the amount of $30,000.00 <u>including all of Plaintiff's claims for relief</u>." (Dkt. # 111) (emphasis added). Sanchez argues that the Offer of Judgment does not specifically include the term "costs" and therefore costs including attorneys' fees are recoverable. This Court disagrees.

"If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state

that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs." *Marek v. Chesny*, 473 U.S. 1, 6 (1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 362, 365 (1981)). This Court must therefore determine whether the Offer of Judgment in this case recites that costs are included.

Here, the Offer of Judgment stated that it applied to "all of Plaintiff's claims for relief." Courts use contract interpretation principles to construe the meaning of the language in offers of judgment. *Webb v. James*, 147 F.3d 617, 620 (7th Cir. 1998). The goal in contract interpretation is ascertaining the parties' intent. *BKCAP, LLC v. Captec Franchise Trust 2000-I*, 572 F.3d 353, 359 (7th Cir. 2009). For written contracts, the court looks to the plain and ordinary meaning of the contract language to determine the parties' intent. *Beanstalk Group v. Am Gen. Corp.*, 283 F.3d 856, 859 (7th Cir. 2002). The plain and ordinary meaning of the language in the Offer of Judgment in this case indicates that it was the parties' intent to cover <u>all</u> of plaintiff's claims for relief. Sanchez's claims for relief are contained in her Amended Complaint (Dkt. #33). In each count of her Amended Complaint, Sanchez specifically requests costs and attorneys' fees in its claims for relief. Moreover, Sanchez has already requested interim attorneys' fees and costs in this case and thus Prudential was well aware that Sanchez would be seeking such an award and would not have made an offer without including fees and costs. Accordingly, this Court believes that costs and fees were specifically addressed by the terms of the Offer of Judgment.

The situation here is different than those cases where a defendant makes an offer of judgment and includes no other specification. The offer in *Webb* illustrates the situation where the amount of the offer has no qualifying language. There, the offer simply stated that "[t]he Defendants, Dick James and Dick James Ford, Inc., by their attorneys, Steven C. Wolf and

Victoria A. Barnes, hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68." *Webb*, 147 F.3d at 619. Compare the language in *Webb* with *Walker v. United Financial Services,* where the offer accepted by Walker stated that United Financial "serves upon plaintiff's counsel this offer of settlement for the sum of $1,000.00 plus reasonable attorney fees and costs." 2010 U.S. Dist. LEXIS 131275 (E.D. Wis. Nov. 30, 2010) (emphasis added). In *Webb*, the court found that the offer of judgment was silent as to fees and costs and therefore an award for fees and costs was proper. *Webb*, 147 F.3d at 623. In *Walker,* the court found the language of the offer was ambiguous and allowed the plaintiff to recover post-offer attorneys' fees. *Walker*, 2010 U.S. Dist. LEXIS 131275 at *13. By contrast, here the Offer of Judgment specifically stated it included all claims of relief, costs and attorneys fees were claims of relief in plaintiff's complaint, and therefore Sanchez is not entitled to an additional sum for fees and costs from Prudential Pizza.

Based on the foregoing analysis, plaintiff's motion for attorneys' fees [112] is denied. IT IS SO ORDERED.

Date: April 20, 2012

Entered: _____