IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Sanchez | ) | |
|     Plaintiffs | ) | Case No: 10 C 6289 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| Prudential Pizza, Inc. | ) | |
|     Defendant | ) | |
| | ) | |

**ORDER**

This Court having reviewed the current submissions of the parties and documentation of fees and costs as well as the previously submitted documentation grants the motion and awards fees and costs in the amount of $53,226.62. Status hearing set to 7/29/2013 is hereby stricken.

(T:)                                      **STATEMENT**

      Plaintiff, Juana Sanchez, filed her Second Motion for an Award of Attorney's Fees and Costs Following the Appeal [148] on May 24, 2013. This Court entered a briefing schedule, allowing defendants, Prudential Pizza and John Apostolou, respond to the motion. This Court having reviewed the current submissions of the parties and documentation of fees and costs as well as the previously submitted documentation grants the motion and awards fees and costs in the amount of $53,226.62.

      On April 19, 2012, this Court entered judgment against defendant in the amount of $30,000.00, following plaintiff's acceptance of an Offer of Judgment from defendant. Accordingly, there is no doubt that plaintiff is the prevailing party in this matter. Plaintiff's Amended Complaint asserted claims against Prudential Pizza under Title VII, 42 U.S.C. § 2000(e) *et seq.* for discrimination and retaliation and under the Employee Polygraph Protection Act, 29 U.S.C. § 2002. Both statutes contain a fee-shifting provision in which the prevailing party may be awarded reasonable costs, including attorneys' fees. 29 U.S.C. § 2005(c)(3); 42 U.S.C. § 1988(b).

      Courts begin consideration of attorney's fees by calculating the lodestar, which represents the number of hours reasonably expended multiplied by the appropriate hourly rate. *Dutchak v. Central States, Southeast & Southwest Areas Pension Fund*, 932 F.2d 591, 596 (7th Cir. 1991). Here, plaintiff's lead counsel, Jeffrey Grant Brown, is requesting an hourly rate of $475 for his work on the case and $305 for the work of his associate. This Court notes that Mr. Brown provided a declaration of his skills and experience as an attorney, but has not submitted declarations from other counsel.[1] Nevertheless, in this Court's experience, an hourly rate of $475 is within the range awarded in this community on similar types of cases involving discrimination.

      This Court has reviewed the record and the documentation provided by counsel to support $51,993.33 for 123.316 hours of attorney time and costs in the amount of $1,233.29 for a total of

---

[1] Mr. Brown refers the Court to Docket entries #85-1 and 85-2, however, no document exists at entry 85-2.

$53,226.62. Defendants' brief response to plaintiff's second fee petition did not cite authority for the objections, but instead asserts a blanket objection to $33,349.00. This Court reviewed the time requested on the dates which defendants claim were duplicative to ensure that plaintiff's previous award for fees did not already award fees for those dates. Therefore, this Court grants the award over defendants' objection.

Date: July 26, 2013                                   /s/ Sharon Johnson Coleman
                                                             United States District Court Judge